# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:11-cr-0064-JCM-CWH |
| vs. ) | **ORDER** |
| DAVID DAMANTE, ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant's Motion for a Bill of Particulars (#16), filed on July 15, 2011, and Government's Response to Defendant's Motion for a Bill of Particulars (#25), filed on July 28, 2011; Defendant's Motion to Sever Counts (#17), filed on July 15, 2011, and the Government's Response to Defendant's Motion to Sever Counts (#23), filed on July 28, 2011; Defendant's Motion for Handwriting Exemplars (#18), filed on July 15, 2011, Defendant's Motion for Review and Production of Agent Personnel Files (#19), filed on July 15, 2011, Defendant's Motion to Compel Production of Original Documents (#21), Government's Response to Defendant's Motion to Compel (#26), filed on July 29, 2011, and Defendant's Reply to Government's Consolidated Response to Defendant's Motion to Compel (#30), filed on August 15, 2011.

**I.     Defendant's Motion for Bill of Particulars (#16)**

Federal Rule of Criminal Procedure 7(f) provides that a "court may direct the government to file a bill of particulars." "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). The court has the discretion to grant the request for a bill of particulars. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.1983). A bill of particulars serves three purposes: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to

avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

The Indictment (#1) was filed on February 16, 2011, and Defendant's arraignment occurred on March 3, 2011 (#8). Defendant's first request for a bill of particulars was filed on July 15, 2011, nearly four months after the arraignment. Defendant cannot wait this long and then, when the case approaches trial, feign uncertainty as to the charges against him. Not only did the deadline to move for a bill of particulars expire, but the Defendant also failed to obtain this Court's permission to request a bill of particulars pursuant to Rule 7(f). Accordingly, the Defendant's motion is untimely and must be denied on that ground.

Notwithstanding the untimeliness of the motion, the Defendant's motion (#16) must also be denied on its merits. The Court finds the indictment contains sufficient facts to apprise Defendant of the charges against him, afford him an opportunity to prepare his defense, and to avoid double jeopardy. *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). The eleven page indictment specifically identifies the charged conduct and contains detailed information concerning the dates of specific conduct, the amount of money wired to the Defendant, the amount of money promised in return, and identifying information of the victim. Thus, even assuming timeliness, the Court finds that a bill of particulars is unwarranted.

**II.     Defendant's Motion to Sever Counts (#17)**

Defendant requests that the Court sever Counts 1-4 of the Indictment from Count 5 because of misjoinder under Rule 8 or, alternatively, because of undue prejudice under Rule 14.

*A.     Misjoinder*

Rule 8(a) provides that an indictment may charge a defendant in separate counts only if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R.Crim. P. 8(a). In the Ninth Circuit, distinct offenses may be joined in a single indictment when those offenses may be viewed as part of a common "transaction;" that term is defined broadly and "'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *United States v. Friedman*, 445 F.2d 1076, 1083 (1970) (quoting

*Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)). "Even dissimilar charges may be joined against multiple defendants if they arise out of the same series of transactions constituting an offense or offenses." *Roselli v. United States*, 432 F.2d 879, 898 (9th Cir. 1970). "The similar character of the joined offenses should be ascertainable-either readily apparent or reasonably inferred-from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). The "validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.1990).

In determining if the counts of the indictment were properly joined, the Court considers whether the counts are the same or similar in character. Appropriate factors to consider include "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *Jawara*, 474 F.3d at 578. Initially, the Court notes that all the counts charged in the indictment are brought under the same statutory provision, alleging wire fraud perpetrated by the Defendant. Although Counts 1-4 relate to a different wire fraud scheme than that alleged in Count 5, in both schemes the Defendant allegedly obtained money under false pretenses, promising large returns on the invested money. This evidences the same modus operandi. Further, the Sinymante conduct occurred on or about February 20, 2008 through December 2008 while the Changing Planet scheme is alleged to have occurred on or about October 1, 2008 through May 11, 2009. Thus, for a period of time Defendant was contemporaneously engaged in both of the alleged schemes.

Further, as the Government notes, Defendant has represented in his Initial Notice of Defenses and throughout his pleadings that his intended defense is a lack of mens rea and/or innocence. Evidence of the common characteristics of each scheme may therefore be admissible under Fed. R. Evid. 404(b) "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Based on the above, the Court finds that Counts 1-4 and Count 5 are of the same or similar character. Therefore no misjoinder is present.

### B. *Prejudice*

Federal Rule of Criminal Procedure 14 governs the severance of both defendants and
3

charges. Rule 14 recognizes that even when counts are properly joined under Rule 8(b), severance of the counts may be appropriate to avert prejudice to a defendant. To prevail on a motion for severance based on prejudicial joinder, the defendant must demonstrate that without severance he is unable to receive a fair trial, and that he will suffer actual, compelling prejudice. *See United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007)

In this case, Defendant has made no showing of actual, compelling prejudice that would deny him a fair trial. Instead, Defendant summarily states that submitting all five counts to a jury would cause confusion, prejudice and that otherwise inadmissible evidence would be admitted at trial. Without a showing of actual prejudice, the Court will not sever the Counts 1-4 from Count 5 under Rule 14.

**III.     Defendant's Motion for Handwriting Exemplars (#18)**

Defendant requests that the Court order a handwriting exemplar of the alleged victim, K. H., to assist in determining the authenticity of an alleged death threat directed toward Defendant and for impeachment purposes. Unfortunately, Defendant's motion contains no legal authority except a recitation of 18 U.S.C. §875, a provision that provides no legal basis for the requested relief.

Federal Rule of Criminal Procedure 17 provides no authority for requiring the alleged victim or potential witness to provide a handwriting exemplar. Further, Rule 16 only requires the government to allow a defendant to inspect a copy of materials that are in the government's possession, custody, or control when the item is material to preparing a defense. *See United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985). If Defendant wishes to introduce the alleged death threat at trial, he will have to authenticate the document through testimony or other means pursuant to Fed. R. Evid. 901. If K. H. is called as a witness at trial, Defendant will have a full and fair opportunity to cross-examine him. It also appears that Defendant has access to other discovery documents containing K. H.'s signature that can presumably be used for comparison purposes. Based on the foregoing, the Court will not order a handwriting exemplar of K. H.

**IV.     Defendant's Motion for Review and Production of Agent Personnel Files (#19)**

Pursuant to *U.S. v. Henthorn*, 931 F.2d 29 (1991), Defendant requests that the Court direct

the Government to review the personnel files of the agents involved in this case and disclose any information which is favorable to the Defendant. *See Henthorn*, 931 F.2d at 31. In *Henthorn*, the Ninth Circuit held that the government has a duty upon request to examine the personnel files of its law enforcement witnesses and disclose information material to witness credibility. *Id.* Here, Defendant's request for *Henthorn* materials is moot as the Government has represented that it has met its *Henthorn* obligations. *See* Govt.'s Resp. (#26) at 4:3-9. Presumably, the Government will disclose any possible impeachment information to Defendant. The Court trusts that the parties can work together, as they must, to ensure all required information is disclosed. *See United States v. Davis*, 2006 WL 2987915 (D. Nev.) (Parties are under an obligation to meet and confer in a good faith effort to resolve discovery disputes in order to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes.").

V. **Defendant's Motion to Compel Production of Original Documents (#21)**

Defendant requests that the Government produce the original signed copies of all documents it intends to use at trial. Federal Rule of Criminal Procedure 16 requires that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy" documents that are material to the defense, intended for use in the government's case-in-chief, or obtained from the defendant if those documents are in the government's possession, custody, or control. *See* Fed.R.Crim.P. 16(a)(1)(E). The Government submits that, after a diligent search, it does not have in its possession, custody or control the originals of the requested documents.

All documents introduced at trial need to be authenticated through Fed. R. Evid. 901. If the originals are not available, Defendant can object to their authentication, and notwithstanding the authentication, Defendant can challenge the validity of the documents through cross-examination. The Court cannot compel the Government to produce documents that it does not have in its possession or control. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for a Bill of Particulars (#16) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever Counts (#17) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Handwriting Exemplars (#18) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Review and Production of Agent Personnel Files (#19) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Production of Original Documents (#21) is **denied.**

DATED this 8th day of September, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge