1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                * * *

9   UNITED STATES OF AMERICA,          Case No. 2:11-cr-00064-MMD-CWH

10                          Plaintiff,

11        v.                                      ORDER

12  DAVID DAMANTE,

13                          Defendant.

14        Before the Court is Jon Divens' Verified Petition for Permission to Practice Pro

15  Hac Vice ("Petition"). (Dkt. no. 154.)  The government opposes the Petition.  For the

16  reasons discussed below, the Petition is denied.

17        In the Amended Stipulation to Continue Trial, counsel for Defendant, Mitchell

18  Posin represented that Defendant had recently retained Mr. Divens to represent him.

19  The change of counsel was cited as a reason for the requested continuance.[1]  At the

20  calendar call held on January 2, 2013, Mr. Divens, who was appearing by phone,

21  represented that he would submit his pro hac vice petition later that day.  (Dkt. no. 153.)

22        Approximately 20 days later, on January 22, 2013, Mr. Divens filed his Petition.

23  The Petition contains several errors, including the case caption and name of defendant.

24  The Petition identifies the defendant as Cesar Miranda Ramirez. In response to

25  Paragraph 8, which calls for disclosure of information relating to applications to appear in

26

27  _____

28        [1]After canvassing the Defendant, the Court found that trial should be continued
    and time was excludable under the Speedy Trial Act.

this district pursuant to LR IA 10-2, Mr. Divens identifies this case, although the date of the application is noted as January 3, 2013. The Court denied Mr. Divens' Petition and directed him to amend his Petition, which he did on January 24, 2013. (Dkt. nos. 155 & 156.) In his amended Petition, Mr. Divens represents to the Court that he has not filed any application to appear under LR IA 10-2. He did not complete the information in Paragraph 8 (as he did in his initial Petition). (Dkt. no. 156.) Because Mr. Divens has two pending California State Bar disciplinary proceedings against him, the Court ordered that he file under seal a copy of the disciplinary documents. (Dkt. no. 157.) Mr. Divens complied. (Dkt. no. 158.)

Local Rule IA 10-2 permits an attorney who is not a member of the Bar of this Court to seek permission to appear in a particular case if the attorney satisfies certain conditions. One such condition is the attorney must be a member in good standing and be eligible to practice before the bar of any jurisdiction of the United States. LR IA 10-2. The attorney must attach a certificate of good standing with his application. Mr. Divens has not satisfied this requirement. The certificate of standing from the California State Bar identifies the two pending disciplinary proceedings against him. Mr. Divens did note that he disputes the allegations in these proceedings.

However, even if the pending disciplinary proceedings are not disqualifying, Mr. Divens' conduct in this case certainly mandates denial of the Petition. In the amended Petition filed on January 24, 2013, Mr. Divens represents that he has not sought permission to practice in this Court in response to the question in Paragraph 8 of the Petition. Yet, as the government pointed out in its opposition brief, Mr. Divens filed a petition for permission to practice in a different case, *U.S. v. Cesar Miranda-Ramirez*, case no. 2:12-cr-00413-GMN-PAL, on January 22, 2013. (*See* case no. 2:12-cr-00413-GMN-PAL, dkt. no. 16, ¶ 8.) In *Miranda-Ramirez*, Mr. Divens represents that he has been permitted to appear in this case and his application was granted on January 3,

///

///

2013.[2] (*See id.* at ¶ 8.) Mr. Divens' attempt to seek admission to practice through misrepresentations is sanctionable conduct. Moreover, Mr. Divens' conduct raises concerns for the Court as to his ability to provide effective assistance to Defendant.

IT IS THEREFORE ORDERED that the Verified Petition for Permission to Practice Pro Hac Vice is DENIED.

IT IS FURTHER ORDERED that current counsel for Defendant, Mitchell Posin, provide a copy of this Order to Defendant and assist Defendant to obtain substitute counsel.

IT IS FURTHER ORDERED that a status conference is scheduled for March 4, 2013, at 2:30 p.m.

ENTERED THIS 1st day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]Mr. Divens' initial Petition appears to be the same as the petition in the *Miranda-Ramirez* case. Both petitions are filed on the same date, January 22, 2013.